# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARITIME ASSOCIATES,

        Plaintiff,

vs.

DILLI PRECISION INDUSTRIES, et al.,

        Defendants.

Case No. 2:06-cv-01128-RLH-PAL

**ORDER**

(M/Extend - #19)

      The court conducted a hearing June 5, 2007 on Defendant, Steward of International Marketing's ("SIM") Motion to Extend Time for Discovery and to Extend Time for Service of Cross-Claims (First Request) (#19). Jonathan Hansen appeared on behalf of the plaintiff, and Peter Mortenson appeared on behalf of the defendants.

      The Complaint (#1) in this case was filed on September 8, 2006. Plaintiff alleges that on June 12, 2004, defendants leased plaintiff a color printer for a period of forty-eight months at the rate of $2,509.14 per month. (Complaint, #1, ¶ 7.) Beginning in July 2004, plaintiff notified defendant SIM of problems with the use of its printer. (Id., ¶ 9.) The problems with the printer were not resolved, and plaintiff filed suit to recover its loses. (Id., ¶¶ 12, 13.) The complaint alleges claims for breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, fraud, misrepresentation, strict products liability, negligence, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and negligent misrepresentation.

      Defendant SIM filed an Answer and Cross-Claim against DILLI and DGI (#7) November 9, 2006. Plaintiff did not serve either defendant DILLI or DGI or request an extension of time in which to serve either defendant, and the 120 days permitted by Fed. R. Civ. P. 4(m) has long since expired. SIM did not serve its cross-claims within the 120 days permitted by Rule 4(m). In February 2007, plaintiff informed SIM that it did not intend to pursue its claims against defendants DILLI or DGI. SIM,

1  therefore, seeks an extension of time in which to serve its cross-claims for contribution and indemnity
2  against DILLI and DGI.  Additionally, SIM seeks an extension of the discovery cutoff from May 8,
3  2007 until November 9, 2007, and related adjustments to the discovery plan and scheduling order
4  deadline.
5        On April 9, 2007, the District Judge entered an Order (#17) setting this case for trial on
6  August 27, 2007, and directed the undersigned to conduct a settlement conference after the close of
7  discovery.  The District Judge's order was explicit: "Any request for continuance of discovery or
8  dispositive motions shall also include a concurrent request for continuance of the trial date and supply
9  available dates."  On April 13, 2007, the undersigned entered an Order (#18) setting a settlement
10 conference on June 28, 2007 in accordance with the District Judge's direction.
11       At the hearing, counsel for the parties represented that because the defendants are Korean
12 entities, the parties have experienced difficulty in communicating with the defendants and arranging
13 necessary discovery.  Additionally, counsel for plaintiff decided not to serve DILLI and DGI because of
14 the time and expense involved in effecting service under the Hague Convention.  Counsel for the parties
15 have completed written discovery.  However, counsel for defendants requests an opportunity to take
16 one deposition of a Rule 30(b)(6) designee of the plaintiff, and Rule 30(b)(6) depositions of
17 representatives from DILLI and DGI.  Counsel for plaintiff does not oppose this request.  Counsel
18 apologized to the court for failing to comply with the District Judge's minute order.
19       Having reviewed and considered the matter, the court finds SIM has not been diligent in
20 asserting its cross-claims and has not established good cause to extend the time for service of its cross-
21 claims.  Additionally, counsel has not complied with the District Judge's order setting the matter for
22 trial, and requiring that any requests for continuances of discovery or dispositive motions include a
23 concurrent request for a continuance of the trial date and supply available dates.  Moreover, counsel for
24 defendants acknowledged that unless DILLI and DGI elected to waive service of process, it would be
25 necessary to effect service under the terms of the Hague Convention, and that in all likelihood this
26 would take longer than the additional 120 days requested.  Under these circumstances, the court will
27 deny the defendants' motion for extension of time to serve its cross-claims.  As the Ninth Circuit
28 recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a

thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." Wong v. Regents of the University of California, 410 F.3d 1052, 1062 (9th Cir. 2005). When parties fail to comply with the court's scheduling orders, disruption to the schedule of the court and other parties is not harmless. Id.

However, the court will give the parties a final thirty-day period to complete the three depositions identified during the hearing, and adjust the remaining scheduling order deadlines.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Defendant, Steward of International Marketing's ("SIM") Motion to Extend Time for Discovery and to Extend Time for Service of Cross-Claims (#19) is DENIED.

2. Counsel for the parties shall have until **July 6, 2007** in which to complete the three remaining depositions both sides indicated should be taken.

3. Counsel for the parties having indicated that neither side anticipates filing dispositive motions, the deadline for filing the joint pretrial order is **August 3, 2007.**

4. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

5. The settlement conference set for June 28, 2007 at 9:30 a.m. is VACATED and RESET for **Tuesday, July 31, 2007 at 1:30 p.m.**

6. The trial date currently set for August 27, 2007 with a calendar call on August 20, 2007 is VACATED. Trial is RESET for **September 24, 2007 at 8:30 a.m.** in Las Vegas Courtroom 6C before Chief Judge Roger L. Hunt, and calendar call is set for **September 19, 2007 at 8:45 a.m.** in Courtroom 6C before Chief Judge Roger L. Hunt. These dates shall be included in the Joint Pretrial Order.

Dated this 7th day of June, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE